**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

───────────────────────────────

**EUGENE DAVIS, JR.,**

                              **Plaintiff,**                         **17-CV-1342Sr**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**

───────────────────────────────

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security

Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have

consented to the assignment of this case to the undersigned to conduct all proceedings

in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt.

#7.

## BACKGROUND

Plaintiff applied for supplemental security income ("SSI"), with the Social

Security Administration ("SSA"), on January 6, 2014, alleging disability beginning

December 1, 2013, when he was 27 years old, following gunshot wounds to both

extremities, resulting in amputation of his left leg above the knee. Dkt. #8, pp.31 & 37.

On August 23, 2016, plaintiff, represented by counsel, appeared and

testified, along with an impartial vocational expert, Judith Findora, before Administrative

Law Judge ("ALJ"), Bryce Baird. Dkt. #8, pp.52-88. Plaintiff testified that he experiences phantom pain from his amputation and nerve pain in his right leg caused by remaining bullet fragments. Dkt. #8, pp.64-65 & 76. Plaintiff described the phantom pain as burning, sharp pains which occur randomly every day and last up to 45 minutes. Dkt. #8, pp.69-70. Excessive temperatures make the phantom pains worse, but his medication and home remedies, such as massage or compresses help. Dkt. #8, pp.70-71. Plaintiff testified that it is difficult to stand for any period of time because his balance is off and his prosthetic is not comfortable. Dkt. #8, pp.66-67. He sometimes uses crutches at home and uses a cane with his prosthetic leg when he is outside of his home. Dkt. #8, pp.66-67. He cannot walk or stand for more than five minutes at a time. Dkt. #8, pp.68. He has difficulty going up or down stairs. Dkt. #8, p.64. He is able to drive, but did not do so often because of pain and side effects from his medication, which include blurry vision, drowsiness and delayed reflexes. Dkt. #8, pp.65 & 71-72. Plaintiff testified that his depression and anxiety were improved with medication. Dkt. #8, p.72. His wife, children, father and grandmother take care of all of the household chores. Dkt. #8, pp.74-75.

When asked to assume that plaintiff is limited to sedentary[1] exertion and could sit for 6 hours and stand or walk for 2 hours in an 8-hour day with a requirement

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary is walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

that plaintiff be able to sit for up to 30 minutes after 15 minutes of standing or walking; could not use foot controls with the left foot; was limited to occasional climbing of ramps or stairs and occasional stooping; no climbing of ladders, ropes or scaffolds; no balancing, kneeling, crouching or crawling; no exposure to hazards such as unprotected heights or moving machinery; limited to environments without exposure to excessive cold, heat or vibration; limited to simple, routine tasks that could be learned after a short demonstration or within 30 days; and was able to use a handheld assistive device for ambulation along uneven terrain or for prolonged ambulation, the vocational expert testified that plaintiff could not perform his past work, but could perform the jobs of administrative support clerk, packer, and bench assembler, each of which were unskilled sedentary positions. Dkt. #8, pp.79-81. The vocational expert testified that each of these jobs could be performed while plaintiff was seated. Dkt. #8, p.81.

The ALJ rendered a decision that plaintiff was not disabled on January 11, 2017. Dkt. #8, pp.28-39. The Appeals Council denied review on November 1, 2017. Dkt. #8, p.5. Plaintiff commenced this action seeking review of the Commissioner's final decision on December 28, 2017. Dkt. #1.

## DISCUSSION AND ANALYSIS

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has

sufficient residual functional capacity ("RFC"), for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ made the following findings with regard to the five-step sequential evaluation: (1) plaintiff had not engaged in substantial gainful activity since January 6, 2014; (2) plaintiff's amputation of the left leg above the knee, phantom leg pain and depression constitute severe impairments; (3) plaintiff's impairments did not meet or equal any listed impairment; (4) plaintiff retained the RFC to perform sedentary work with the following limitations: can sit for 6 hours and stand for 2 hours in an 8-hour day with a requirement that plaintiff be able to sit for up to 30 minutes after 15 minutes of standing or walking while remaining on task; cannot use foot controls with the left foot; limited to occasional climbing of ramps or stairs and occasional stooping; cannot climb ladders, ropes or scaffolds; no balancing, kneeling, crouching or crawling; no exposure to hazards such as unprotected heights or moving machinery; limited to environments without exposure to excessive cold, heat or vibration; limited to simple, routine tasks that could be learned after a short demonstration or within 30 days; able to use a handheld assistive device for ambulation along uneven terrain or for prolonged ambulation; and limited to simple routine tasks with no more than occasional interaction with the public and coworkers; and (5) plaintiff could not perform his past relevant work as a bus monitor, cleaner or barber, but

retained the functional capacity to work in unskilled, sedentary positions such as support clerk, packer or bench assembler and was not, therefore, disabled within the meaning of the SSA. Dkt. #8, pp.33-37.

Plaintiff argues that the ALJ failed to explain why he chose not to fully credit plaintiff's subjective allegations of phantom leg pain. Dkt. #11-1, p.10.

The Commissioner responds that the ALJ appropriately considered plaintiff's subjective complaints of phantom leg pain but found them inconsistent with evidence in the record that plaintiff's phantom pain was well controlled with medication. Dkt. #14-1, p.14. Specifically, the Commissioner notes multiple reports by plaintiff to his physical therapist that his pain level was zero and that his phantom limb pain was controlled with medication. Dkt. #14-1, p.14.

The regulations provide a two-step process for evaluating plaintiff's assertions of pain. *Genier v. Astrue*, 606 F.3d 46, 49 (2nd Cir. 2010). First, the ALJ must consider whether the plaintiff has a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. *Id., citing* 20 C.F.R. § 404.1529(b). If the ALJ determines that the plaintiff has such an impairment, the ALJ must then evaluate the intensity and persistence of such pain to determine the extent to which pain limits the plaintiff's capacity for work. *Watson v. Berryhill*, 732 Fed. App'x 48, 52 (2d Cir. 2018), *citing* 20 C.F.R. § 404.1529 (c)(1). Where the plaintiff's statements about the intensity, persistence or functionally limiting effects of pain are not

substantiated by objective medical evidence, the ALJ must assess the credibility of the plaintiff's statements based upon consideration of the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency and intensity of the claimant's pain; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness and side effects of medication to alleviate pain; (5) treatment other than medication used for relief of pain; (6) measures employed to alleviate pain; and (7) other factors concerning plaintiff's functional limitations and restrictions. *Id.*, *citing* 20 C.F.R. § 404.1529(c)(3). The ALJ's decision must contain specific reasons for the finding on credibility, supported by the evidence in the record, and must be sufficiently specific to make clear to the plaintiff and to any subsequent reviewers the weight the ALJ gave to the plaintiff's statements and the reason for that weight. *Id.*

The ALJ determined that plaintiff's phantom leg pain was a severe impairment which could reasonably be expected to cause his alleged symptoms, but his statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. Dkt. #8, pp.35-36. In support of this determination, the ALJ noted that plaintiff reported that his phantom leg pain was well controlled and that plaintiff had achieved all of his stated goals prior to discharge from physical therapy. Dkt. #8, p.36. As the ALJ notes, upon discharge from physical therapy, plaintiff did not report pain and was able to ambulate with his prosthetic and without his cane with an excellent gait[2] and ability to

---

[2] Additional evidence submitted to the Appeals Council includes a physician's prescription and letter of medical necessity requesting a new prosthetic because the current one was 3½ years old and worn due to wear and tear, noting that plaintiff "is an extremely active person, logging more than 1 million steps" with his prosthetic. Dkt. #8, p.26.

maintain his balance and was able to ascend and descend 12 steps independently. Dkt. #8, p.418. Plaintiff subsequently advised his medical providers that his phantom limb pain was effectively controlled and was diagnosed with phantom limb syndrome without pain. Dkt. #8, pp.501, 515, 517. Plaintiff did not report phantom leg pain to the consulting medical examiner, but did report that he could cook one or two times per week, clean the house once a week, shop once a week and bath and dress with help every day. Dkt. #8, p.474.  Thus, the Court determines that the ALJ evaluated plaintiff's complaints of phantom leg pain in accordance with the standard set forth in 20 C.F.R. § 404.1529 and that the ALJ's determination of plaintiff's RFC is supported by substantial evidence.

**CONCLUSION**

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #11), is denied and the Commissioner's motion for judgment on the pleadings (Dkt. #14), is granted.


The Clerk of the Court is directed to close this case.


**SO ORDERED.**


**DATED:**     **Buffalo, New York**
            **June 25, 2019**

                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**